**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **MARCELINO VARGAS,** | § | |
| *Plaintiff,* | § | |
| | § | **CIVIL ACTION NO.  5:21-cv-00038** |
| **VS.** | § | |
| | § | **JURY TRIAL REQUESTED** |
| **CML SECURITY, LLC; MEMCO,** | § | |
| **INC.; YATES/SUNDT, A JOINT** | § | |
| **VENTURE** | § | |
| *Defendants.* | § | |

**NOTICE OF REMOVAL**

Defendant YATES/SUNDT, A JOINT VENTURE (hereinafter "Defendant"), files this Notice of Removal of the above-styled action pursuant to 28 U.S.C. § 1446(a) and would respectfully represent and show unto this Court the following:

**A. Introduction**

1. Defendant has filed its Civil Cover Sheet pursuant to Local Rule 3.1 and Local Rule 81.1. *See* Exhibit A.

2. On or about September 30, 2020, Plaintiff MARCELINO VARGAS ("Plaintiff") initiated the state court lawsuit against Defendants CML SECURITY, LLC ("CML"), MEMCO, INC. ("Memco"), SUNDT CONSTRUCTION, INC., and W.G. YATES & SONS CONSTRUCTION, INC. in the 438th Judicial District Court of Bexar County, styled *Marcelino Vargas v. CML Security, LLC; Memco, Inc.; Sundt Construction, Inc.; and W.G. Yates & Sons Construction Co.*; Cause No. 2020CI18970 (the "State Court Action"). In the State Court Action, Plaintiff alleged a cause of action for premises liability against the above-named defendants. In addition, Plaintiff seeks to recover damages for reasonable and necessary medical expenses in the past, reasonable and necessary medical expenses in the future, physical pain suffered in the past,

physical pain suffered in the future, mental anguish suffered in the past, mental anguish suffered in the future, physical impairment in the past, physical impairment in the future, loss or earning capacity sustained in the past, loss of earning capacity in the future, disfigurement suffered in the past, and disfigurement suffered in the future. *See Plaintiff's Original Petition and Discovery*, attached hereto as Exhibit B.

3.      On November 2, 2020, this suit was removed by CML to the United States District Court for the Western District of Texas, San Antonio Division and docketed under SA-20-CV-01289-XR.

4.      On December 15, 2020, all parties jointly stipulated to the dismissal of SUNDT CONSTRUCTION, INC., and W.G. YATES & SONS CONSTRUCTION, INC.   On December 18, 2020, Plaintiff filed "Plaintiff's First Amended Complaint and Discovery" for the first time joining YATES/SUNDT, A JOINT VENURE to this suit.   *See Plaintiff's First Amended Complaint and Discovery*, attached hereto as Exhibit C.  Accordingly, Defendant herein did not in any way participate in the original removal action by CML (as it was not even a party to the suit at that time).

5.      On January 11, 2021, United State District Judge, Xavier Rodriguez, remanded this case back to state court on the primary basis that CML failed to identify each member of its limited liability company and their respective citizenships. *See Remand Order*, attached hereto as Exhibit D.   At the time of the remand, Defendant did not independently possess this information.

6.      Subsequent to the remand, Defendant requested counsel for CML to identify the members of CML, a limited liability company, and each member's respective citizenship.  That information was obtained via letter from CML's counsel on January 14, 2021.  *See* Exhibit E.

7.     Venue is proper in this district under 28 U.S.C. §1441(a) because the state court where the suit has been pending, in Bexar County, is located in this district.

8.     The attorneys involved in the action being removed are listed as follows:

| **Party and Party Type** | **Attorney(s)** |
|---|---|
| Marcelino Vargas - Plaintiff | R. Scott Westlund<br>Texas Bar No. 00791906<br>Joshua S. Hatley<br>Texas Bar No. 24083152<br>KETTERMAN ROWLAND & WESTLUND<br>16500 San Pedro, Suite 302<br>San Antonio, TX 78232<br>Phone: 210-490-7402<br>Fax: 210-490-8372<br>Email: scott@krwlawyers.com<br>Email: joshua@krwlawyers.com |
| CML Security, LLC – Defendant | Brett H. Payne<br>Texas Bar No. 00791417<br>WALTERS, BALIDO & CRAIN, L.L.P.<br>9020 N. Capital of Texas Highway<br>Building I, Suite 170<br>Austin, Texas 78759<br>Phone: 512-472-9000<br>Fax: 512-472-9002<br>Email: paynevfax@wbclawfirm.com |
| Memco, Inc. – Defendant | Dana M. Gannon<br>Texas Bar No. 07623800<br>THORNTON BIECHLIN REYNOLDS & GUERRA<br>133 North Friendswood Drive, Suite 109<br>Friendswood, TX 77546<br>Phone: 713-213-6143<br>Fax: 512-327-4694<br>Email: dgannon@thorntonfirm.com |
| Yates/Sundt, A Joint Venture – Defendant | Stephanie O'Rourke<br>Texas Bar No. 15310800<br>Cody Graham<br>Texas Bar No. 24087611<br>COKINOS / YOUNG |

10999 West IH-10, Suite 800
San Antonio, TX 78230
Phone: 210-293-8700
Email: sorourke@cokinoslaw.com
Email: CGraham@cokinoslaw.com

9.    The name and address of the court from which the case is being removed is as follows:

438th Judicial District Court
Bexar County, Texas
The Honorable Rosie Alvarado
Bexar County Courthouse
100 Dolorosa
San Antonio, Texas 78205
Phone: (210) 335-0448
Fax: (210) 335-1535

## B. The Notice Of Removal Is Timely

10.    Defendant agreed to accept service of *Plaintiff's First Amended Complaint and Discovery* through electronic service on the undersigned counsel.  Defendant's counsel/agent was served with a copy of *Plaintiff's First Amended Complaint and Discovery* on the date it was file, December 18, 2020. Pursuant to 28 U.S.C. § 1446(b), Defendant's Notice of Removal is being filed within thirty (30) days, exclusive of the weekend on which this deadline falls, after receipt by Defendant, through service or otherwise, of a copy of an initial pleading from which it may first be ascertained that the case is one which is or has become removable.  Defendant specifically notes that thirty (30) days after service of the pleading fell on Sunday, January 17, 2021.  Pursuant to Federal Rule of Civil Procedure 6(a)(1)(c), the deadline to file this removal is extended to January 18, 2021, or otherwise "the next day that is not a Saturday, Sunday, or legal holiday."  *Id.*; *see also Limon v. Gary Job Corps Ctr.,* A-07-CA-668-SS, 2007 WL 9710217, at *1 (W.D. Tex. Sept. 17,

2007)("Federal Rule of Civil Procedure 6(a), however, extends the time for filing [removal] to the next business day in cases where a deadline falls on a weekend.").

### C. <u>Complete Diversity & Amount In Controversy Is Over the Threshold</u>

11.     Plaintiff Marcelino Vargas is, and was at all times relevant hereto, an individual and citizen of the State of Texas residing at 10319 Trotters Bay, San Antonio, Texas 78254, Bexar County, Texas

12.     Defendant Yates/Sundt, A Joint Venture is a joint venture and dual citizen of the States of Mississippi and Arizona. The citizenship of a joint venture is the citizenship of each of its members. *Liserio v. Colt Oilfield Services, LLC*, SA-19-CV-1159-XR, 2019 WL 6168208, at *4 (W.D. Tex. Nov. 20, 2019) (citing *Schiavone Constr. Co. v. City of New York*, 99 F.3d 546, 548 (2d Cir. 1996). Yates/Sundt, A Joint Venture is comprised of the following two (2) members, whose respective citizenships are, and have at all times relevant hereto been:

   a.     W.G. Yates & Sons Construction Co. is a diverse, foreign for-profit corporation which is headquartered and operating at One Gully Avenue, Philadelphia, Mississippi 19150, Neshoba County, Mississippi. W.G. Yates & Sons Construction Co. is a citizen of Mississippi; and

   b.     Sundt Construction, Inc. is a diverse, foreign for-profit corporation which is headquartered and operating at 2620 South 55th Street, Tempe, Arizona 85282, Maricopa County, Arizona.

13.     Defendant CML Security, LLC is a citizen of the State of Colorado. CML is now, and was at all times relevant hereto, a foreign for-profit limited liability company whose corporate headquarters is located at 1785 W. 160th Avenue, Suite 700, Broomfield, Colorado 80023, Broomfield County, Colorado. The citizenship of a limited liability company is determined by the

citizenship of all its members. *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008).  Defendant CML Security, LLC is comprised of the following seven (7) members, whose respective citizenships are, and have at all times relevant hereto been:

      a.      Keith Thoene is an individual and citizen of the State of Colorado residing at 1601 County Road 49, Hudson, Colorado 80642, Weld County, Colorado;

      b.      Tommy Thoene is an individual and citizen of the State of Colorado residing at 18265 Wagon Trail, Mead, Colorado 80542, Weld County, Colorado;

      c.      Mark Gilmore is an individual and citizen of the State of Colorado residing at 539 County Road 260, Silt, Colorado 81652, Garfield County, Colorado;

      d.      Brett Noecker is an individual and citizen of the State of Colorado residing at 430 Cody Drive, Lakewood, Colorado 80226, Jefferson County, Colorado;

      e.      Cory Solberg is an individual and citizen of the State of Colorado residing at 13797 W. 67th Way, Arvada, Colorado 80004, Jefferson County, Colorado;

      f.      James Carroll is an individual and citizen of the State of Colorado residing at 7669 Windy Court, Arvada, Colorado 80007, Jefferson County, Colorado; and

      g.      Keith Thoene is an individual and citizen of the State of Colorado residing at 15046 Silver Feather Circle, Broomfield, Colorado 80642, Broomfield County, Colorado.

14.      Defendant Memco, Inc. is a non-diverse defendant that was joined solely to defeat diversity jurisdiction. *Davidson v. Ga-Pac., L.L.C.,* 819 F.3d 758 (5th Cir. 2016). Specifically, Defendant Memco, Inc. was improperly joined in the State Court Action as there is no possibility that Plaintiff can recover damages from Defendant Memco, Inc. At the time of the underlying accident, Plaintiff was an employee of Defendant Memco, Inc. *See* Exhibit F. Defendant Memco,

Inc. carried a workers' compensation policy that covered the claims/injuries asserted by Plaintiff against Defendant Memco, Inc. *See* Exhibit G. The Workers' compensation policy is Plaintiff's exclusive remedy for the claimed damages for negligence and premises liability asserted against Memco, Inc.

15.     Plaintiff's counsel has indicated it intends to dismiss Memco, Inc. from this action on the bases asserted herein. *See* Exhibit H.

16.     In light of the foregoing, the remaining parties that are properly joined are of completely diverse citizenship. 28 U.S.C. §§ 1332(a), 1332(c)(1) 1441(b).

17.     Further, the case involves an amount in controversy of more than $75,000. 28 U.S.C. § 1332(a).  A court can determine that removal is proper from a plaintiff's pleadings if plaintiff's claims are those that are likely to exceed the jurisdictional amount. *Allen v. R&H Oil & Gas., Co*, 63 F.3d 1326, 1335 (5th Cir. 1995); *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993).  *Plaintiff's First Amended Complaint and Discovery* seeks "monetary relief over $1,000,000." *See* Exhibit C at ¶2.  Thus, the amount in controversy in the instant case meets the requirements for removal.

18.     Copies of all pleadings, process, orders, and other filings in the state court action, along with the times the case was removed to federal court, are attached to this notice as required by 28 U.S.C. § 1446(a). *See* Exhibit I.

### D.  Basis for Removal

19.     Because this is a civil action of which the District Courts of the United States have original jurisdiction, this case may be removed by this Court pursuant to 28 U.S.C. § 1446(b). Further, because Plaintiff is a citizen and resident of Texas, all properly joined Defendants have citizenship outside of Texas, and the amount in controversy exceeds $75,000.00, the Court has

subject matter jurisdiction based on diversity of citizenship and residency of all properly joined Defendants. 28 U.S.C. § 1132. As such, this removal action is proper.

20.    "[A] corporation shall be deemed to be a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business." 28 U.S.C. § 1332(c)(1). The "principal place of business" refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities," commonly referred to as the "nerve center." *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010); *Peters v. Corona*, 2018 U.S. Dist. LEXIS 195428 (S.D. Tex. Nov. 16, 2018). Defendant Yates/Sundt, A Joint Venture's "nerve centers" and headquarters are in Maricopa County, Arizona (for member Sundt Construction, Inc.) and Neshoba County, Mississippi (for member W.G. Yates & Sons Construction Co.). Accordingly, Defendant Yates/Sundt, A Joint Venture is a diverse Defendant.

21.    Defendant CML Security, LLC's headquarters is located in Broomfield, Colorado. Defendant CML Security LLC's "nerve center" is located in Broomfield, Colorado. Further, each of CML's members are citizens of the State of Colorado. Accordingly, Defendant CML Security, LLC is a diverse Defendant.

22.    Although Defendant Memco, Inc. is a non-diverse Defendant, Plaintiff cannot recover his claimed damages from Defendant Memco, Inc. "To establish improper joinder, the party seeking a federal forum must demonstrate that there is either 'actual fraud in the pleading of jurisdictional facts,' or 'no reasonable basis for the district court to predict that the plaintiff might be able to recover' against the nondiverse defendant." *Toney v. State Farm Lloyds*, 661 Fed. Appx. 287, 290 (5th Cir. 2016); *Peters v. Corona*, 2018 U.S. Dist. LEXIS 195428 (S.D. Tex. Nov. 16, 2018). Under the second method, "the test for fraudulent joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-

state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallvood v. Illinois Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004); *Peters v. Corona*, 2018 U.S. Dist. LEXIS 195428 (S.D. Tex. Nov. 16, 2018). To resolve a question of improper joinder, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Smallwood*, 385 F.3d at 573; *Id.*

> First the court should look at the pleadings to determine whether the allegations state a claim under state law, but under federal pleading standards of Rules of Civil Procedure 8 and 9, against the in-state defendant. If the "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder," the court may look beyond the pleadings and consider summary judgment-type evidence.

*Waste Mgmt, Inc. v. AIG Specialty Ins. Co.*, No. H-16-3676, 2017 WL 3431816, at *4 (S.D. Tex. Aug. 9, 2017). "The Fifth Circuit has recently held that the sufficiency of a plaintiff's state-court petition for purposes of a removal and improper joinder analysis should be measured under federal court pleading standards." *Lopez v. United Prop. & Cas. Ins. Co.*, 197 F. Supp. 3d 944, 949 (S.D. Tex. 2016) (citing *Int'l Energy Ventures Mgmt, L.L.C. v. United Energy Group Ltd.*, 818 F.3d 193, 207–08 (5th Cir. 2016)). Accordingly, the plaintiff must have pleaded "enough facts to state a claim of relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555; *Peters v. Corona*, 2018 U.S. Dist. LEXIS 195428 (S.D. Tex. Nov. 16, 2018).

23.    While a district court should ordinarily resolve improper joinder by conducting a Rule 12(b)(6)-type analysis, there are also exceptions applicable herein. *McDonal v. Abbott Labs*., 408 F.3d 177, 183 (5th Cir. 2005)*: Smallwood, 385 F.3d at 573.* "[I]n cases where the plaintiff

has stated a claim, but 'misstated or omitted discrete facts,' the district court has the discretion to pierce the pleadings and conduct a summary inquiry." *McDonal*, 408 F.3d at 183 (citing *Smallwood*, 385 F.3d at 573).

24.     Plaintiff asserts only claims of premises liability and negligence against Defendant Memco, Inc. Plaintiff specifically states in his most recent pleading that "[a]t all pertinent times herein, Defendants were non-subscribers under the Texas Workers' Compensation laws and did not carry "workers' compensation insurance coverage' for any of its employees, including Plaintiff…" *See* Exhibit C at ¶14.  That statement is erroneous and should prompt this court to conduct a summary inquiry into the matter. *McDonal*, 408 F.3d at 183; *Smallwood*, 385 F.3d at 573.  In fact, Plaintiff has no possibility of recovery against Defendant Memco, Inc., because Memco, Inc. carried a workers' compensation policy that covered Plaintiff who was an employee of Defendant Memco, Inc. at the time of the underlying accident. *See* Exhibit E & F. Under the Texas Workers' Compensation Act, §408.001 of the Texas Labor Code, "[r]ecovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee." Tex. Labor Code §408.001(a); *Peters v. Corona*, 2018 U.S. Dist. LEXIS 195428 (S.D. Tex. Nov. 16, 2018). As Plaintiff's Original Petition does not state a viable claim of damages against Defendant Memco, Inc. that is not barred by the exclusive workers' compensation remedy, Plaintiff cannot overcome a Rule 12(b)(6) motion or a summary inquiry. *Id.* Accordingly, Plaintiff improperly joined Defendant Memco, Inc. in his State Court Action. For this reason, the citizenship of Defendant Memco, Inc. should not be considered in determining diversity of parties.

25.     All properly joined Defendants are foreign entities thus complete diversity is established. Additionally, Plaintiff's alleged damages, as stated in his *Plaintiff's First Amended Complaint and Discovery*, exceed $1,000,000.00. Accordingly, this case should be removed to federal court.

26.     Defendants Memco, Inc. and CML Security, LLC consent to this Removal. *See* Exhibits J and K.

### E. <u>Filing of Notice with State Court</u>

27.     Promptly after filing this Notice of Removal, Defendant will give written notice of the removal to Plaintiff through his attorney of record and to the clerk of the state court action.

### F. <u>Prayer</u>

28.     **WHEREFORE, PREMISES CONSIDERED,** Defendant Yates/Sundt, A Joint Venture requests that this Court proceed with the handling of this cause of action as if it had been originally filed herein, that this Court make such orders, if any, and take such action, if any, as may be necessary in connection with the removal of the state court action to this Court, and that they have such other and further relief to which they may show themselves justly entitled.

Respectfully submitted,

COKINOS | YOUNG
10999 IH-10 West, Suite 800
San Antonio, Texas 78230
(210) 293-8700 (Office)
(210) 293-8733 (Fax)


By: _____ /s/ Stephanie O'Rourke _____

        Stephanie L. O'Rourke
        Attorney-in-Charge
        State Bar No. 15310800
        sorourke@cokinoslaw.com
        Cody R. Graham
        State Bar No. 24087611
        cgraham@cokinoslaw.com

        ATTORNEYS FOR DEFENDANT
        YATES/SUNDT, A JOINT VENTURE




## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 18th of January, 2021, a copy of the foregoing document was served electronically on all CM/ECF participants in accordance with Federal Rule of Civil Procedure 5(e).


_____ /s/ Stephanie O'Rourke _____
STEPHANIE L. O'ROURKE