IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MARCELINO VARGAS, §<br>§<br>*Plaintiff*, §<br>§<br>vs. §<br>§<br>CML SECURITY, LLC, YATES/SUNDT §<br>A JOINT VENTURE, §<br>§<br>*Defendants*. §<br>§ | 5-21-CV-00038-FB-RBF |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns (1) Defendant Yates/Sundt's Motion for Leave to File Second Amended Notice of Removal, Dkt. No. 20; and (2) Plaintiff Marcelino Vargas's Motion to Remand, Dkt. No. 24. *See* Dkt. No. 5. All pretrial matters in this action have been referred for resolution pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 9. Authority to enter this recommendation regarding Vargas's Remand Motion and Order regarding Yates/Sundt's request for leave to file an amended notice of removal stems from 28 U.S.C. § 636(b).

For the reasons set forth below, Yates/Sundt's Motion for Leave to File Second Amended Notice of Removal, Dkt. No. 20, is **GRANTED**, and it is recommended that Vargas's Motion to Remand, Dkt. No. 24, be **DENIED**.

**Factual and Procedural Background**

Plaintiff Marcelino Vargas initiated this personal-injury action on September 30, 2020, against Defendants CML Security, LLC, Memco, Inc., Sundt Construction, Inc., and W.G. Yates & Sons Construction, Inc. Vargas sued initially in the 438th Judicial District Court of Bexar County, Texas, raising claims for negligence and premises liability. *See* Dkt. No. 1-2 at 5-12 (Orig. Pet.). According to Vargas's Original Petition, Vargas injured himself while installing panels on the roof of a building located on property under Defendants' control and in the course and scope of his employment with Defendants. *See id.* Defendants, Vargas contends, are liable for his injuries because they failed to: (1) ensure the site was properly maintained and supervised; (2) implement appropriate general worksite-safety rules or precautions; and (3) warn workers, including Vargas, of dangerous conditions on the worksite. *See id.*

On November 2, 2020, Defendant CML Security, LLC—with the consent of Defendants Sundt Construction, Inc. and W.G. Yates & Sons Construction, Inc.—removed this case on the basis of diversity jurisdiction. *See Vargas v. CML*, No. 5-20-cv-1289-XR. In its removal notice, however, CML failed to properly allege the citizenship of Vargas as well as the citizenship of each of CML's members. *See id.* On November 3, 2020, the District Court issued its Standing Order Concerning Removed Cases in which the District Court instructed Defendant to "properly plead the citizenship of all parties" or risk having the case remanded without further notice. *Id.*, Dkt. No. 3. In a separate Order, the Court then directed Vargas to file a response to CML's assertion that Defendant Memco was improperly joined. *Id.*, Dkt. No. 5.

CML didn't file an amended notice of removal or supplement the record with proper citizenship allegations. And Vargas, for his part, didn't respond to CML's improper-joinder argument. Instead, on December 18, 2020, Vargas filed an Amended Complaint, reasserting

2

causes of action against Defendant Memco and substituting Yates/Sundt, a Joint Venture, as Defendants for Sundt Construction, Inc. and W.G. Yates & Sons Construction, Inc. *See id.*, Dkt. No. 9. Vargas's Amended Complaint likewise failed to properly allege his own citizenship or the citizenship of Defendant CML Security, LLC, and it also did not respond to CML's improper-joinder argument. *See id.* Accordingly, on January 11, 2021, the District Court remanded the case, concluding that on the existing record, "the Court is unable to find that it has diversity jurisdiction." *Id.*, Dkt. No. 12.

On January 18, 2021, Defendant Yates/Sundt re-removed the case, citing diversity jurisdiction. *See Vargas v. CML*, No. 5-21-cv-38-FB-RBF (W.D. Tex. Jan. 18, 2021), Dkt. No. 1. The next day, Yates/Sundt requested leave to file an amended notice of removal, explaining that a clerical error caused the inadvertent filing of a draft version of the Notice. *See* Dkt. No. 4. The Court granted the motion for leave as unopposed. *See* Feb. 8, 2021 text order (citing Local Rule CV-7(e)(2)). On February 3, 2021, the Court entered its standard Order Regarding Pretrial Matters and Pending Motions. *See* Dkt. No. 12. In that Order, the Court set the case for an Initial Pretrial Conference, set forth the well-established standards for alleging citizenship in diversity cases, and instructed that "[p]rior to the Initial Pretrial Conference, the party invoking this Court's jurisdiction shall review the relevant law and their pleadings and cure any and all jurisdictional defects." *Id.* On February 9, 2021, Yates/Sundt moved for leave to file a second amended notice of removal. *See* Dkt. No. 20.

Vargas didn't timely file a response in opposition to the motion for leave to file a second amended notice of removal. Instead, on February 26, 2021, Vargas moved to remand the case. *See* Dkt. No. 24. In the remand motion, Vargas invokes two arguments in support of remand. First, Vargas alleges that Yates/Sundt's removal is untimely because it is "substantially

identical" to the previously dismissed entities Sundt Construction, Inc. and W.G. Yates & Sons Construction, Inc. and, hence, Yates/Sundt not only had actual notice of the original complaint but its interests were also adequately represented at that time. Second, Vargas claims Yates/Sundt's removal is an impermissible attempt to seek review of the District Court's remand order in violation of 28 U.S.C. § 1447(d).

## Analysis

### A. Leave to Cure Technical Defects Via a Second Amended Notice of Removal Is Granted.

Yates/Sundt's request for leave to file an amended notice of removal is granted. Title 28 U.S.C. § 1653 grants courts the authority and discretion to allow parties to cure defective jurisdictional allegations. *See Menendez v. Wal-Mart Stores, Inc*., 364 F. App'x 62, 66 (5th Cir. 2010). Further, the Fifth Circuit has instructed that "§ 1653 should be liberally construed to allow a party to cure technical defects, including the failure to specifically allege the citizenship of the parties." *Id.* Here, Yates/Sundt represents that it seeks to cure technical defects:

> Upon further examination of the First Amended Notice of Removal, and in compliance with the Court's February 3, 2021 Order, Defendant desires to clarify, amend and reinforce the factual allegations regarding the parties' residence, citizenship, principle [sic] place of business and state of incorporation. Defendant does not seek to change the substantive basis of removal. Instead, Defendant seeks to provide the Court with additional and corrected facts to further enable the Court to confirm the diversity of parties.

Dkt. No. 20. Yates/Sundt, in other words, doesn't seek to raise new jurisdictional grounds for removal. Accordingly, the motion is granted. *See Menendez*, 364 F. App'x at 66; *cf. Blakeley v. United Cable Sys*., 105 F. Supp. 2d 574, 578-79 (S.D. Miss. 2000) (distinguishing technical defects from substantive defects in deciding whether to permit a defendant to amend a notice of removal outside the 30-day period prescribed by 28 U.S.C. § 1446(b)).

**B.     Remand Is Not Warranted.**

Vargas's untimely motion to remand should be denied. To start, because the motion is untimely, Vargas has forfeited any alleged procedural defects in the removal process. Regardless, Yates/Sundt timely re-removed this action once it was named as a defendant, and this successive removal isn't an improper attempt to seek review of the District Court's Remand Order.

1.     *Vargas's Motion to Remand is Untimely*. "A motion to remand the case on the basis of any defect *other than lack of subject matter jurisdiction* must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c) (emphasis added). Here, there's no dispute that complete diversity is present or that the amount in controversy is above the threshold. As explained in Yates/Sundt's Second Amended Notice of Removal, Vargas is a citizen of Texas and Defendants are citizens of Mississippi, Arizona, and Colorado. *See* Dkt. No. 20. And according to Vargas's First Amended Complaint—the operative pleading at the time of removal—Vargas seeks "monetary relief over $1,000,000." Dkt. No. 1-3 (Compl.) ¶ 2. Accordingly, to secure remand based on the procedural defects[1] raised in Vargas's motion, Vargas would've needed to file his motion to remand within 30 days after Yates/Sundt filed its notice of removal. Vargas failed to do so here. Instead, Vargas filed his motion 39 days after Yates/Sundt filed its original Notice of Removal. Accordingly, it appears Vargas forfeited his argument for remand, rendering the Court unable to grant the requested relief.[2]

---

[1] *See Baris v. Sulpicio Lines, Inc.*, 932 F.2d 1540, 1544 (5th Cir. 1991) (noting, a "procedural defect" within the meaning of § 1447(c) refers to "any defect that does not go to the question of whether the case originally could have been brought in federal district court"); *In re Shell Oil Co.*, 932 F.2d 1518, 1522 (5th Cir. 1991) (noting, "any defect in the removal procedure" includes all non-jurisdictional defects existing at the time of removal, such as a failure to timely remove).

[2] *See Pavone v. Miss. Riverboat Amusement Corp.*, 52 F.3d 560, 566 (5th Cir. 1995) ("[A] district court has no discretion to remand to state court when a motion to do so is grounded on

Of course, Yates/Sundt has now amended its Notice of Removal. Accordingly, Yates/Sundt's Second Amended Notice of Removal might have triggered a new 30-day period for Vargas to raise a procedural defect in the removal process. At least two district courts in this Circuit have taken this approach in similar circumstances.[3] But the Fifth Circuit hasn't addressed the issue. Nor has this position been advocated by Vargas. The approach also creates some tension with the plain text of the statute, which starts the 30-day clock "after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). And decisions adopting this approach have done so because a plaintiff might not know if there is a valid basis for federal jurisdiction until it is properly alleged, and because defendants shouldn't be encouraged to withhold proper citizenship allegations until the 30-day window expires. Those concerns aren't raised here by Vargas. Indeed, Yates/Sundt's Second Amended Notice of Removal simply cures some minor defects with its citizenship allegations, and it was filed in compliance with the Court's standard Order.

Regardless, as discussed further below, the procedural defects raised by Vargas's Motion to Remand lack merit.

2.  *Yates/Sundt's Notice of Removal is Timely*. Section 1446 provides in relevant part "*[e]ach defendant* shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal." 28 U.S.C. § 1446(b)(2)(B) (emphasis added). It's undisputed here that Yates/Sundt removed this case

---

improper removal procedures and that motion is not made within thirty days following filing: Under such circumstances, the objection to remove jurisdiction resulting from a defect in the removal procedure is waived").

[3] *See, e.g.*, *Smith v. Marquette Transp. Co., L.L.C.*, No. 1:16- CV-01545, 2017 WL 3648459, at *3 (W.D. La. Aug. 1, 2017), *report and recommendation adopted*, 2017 WL 3648321 (W.D. La. Aug. 21, 2017); *Moore v. Miller*, 2016 WL 447152, at *2 (M.D. La. 2016), *adopting report and recommendation*, 2016 WL 451353 (M.D. La. 2016).

within 30 days after Vargas served it with a copy of the First Amended Complaint on December 18, 2020.[4] Moreover, Vargas's First Amended Complaint is the first time that Vargas named Yates/Sundt as a defendant in this action.

"[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (service of a courtesy copy of the filed complaint unattended by formal service doesn't start the 30-day removal period) (quoting 28 U.S.C. § 1446(b). Thus, formal service—not actual notice—of the named defendant is the relevant standard here, and that didn't occur with respect to Yates/Sundt until December 18, 2020. Accordingly, Yates/Sundt's January 18, 2021 removal was timely. Vargas's contention that a different result obtains because Yates/Sundt's had actual notice of this action via Vargas's service on the two separate entities that form Yates/Sundt is unpersuasive.

      3.    *The Re-Removal Doesn't Violate § 1447(d)*. "The Fifth Circuit recognizes a defendant's right to seek subsequent removals after remand." *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996). "As a general rule, once a case is remanded to state court, a defendant is precluded only from seeking a second removal on the *same ground*." *Id.* (emphasis in original). "The prohibition against removal 'on the same ground' does not concern the theory on which federal jurisdiction exists (*i.e.*, federal question or diversity jurisdiction), but rather the pleading or event that made the case removable." *Id.* Where a different ground is raised in a

---

[4] Thirty days from December 18, 2020, would've landed on a Sunday. Accordingly, Yates/Sundt had until the next business day—January 18, 2021—to file their notice of removal. *See* Fed. R. Civ. P. 6(a)(1)(C).

Case 5:21-cv-00038-FB-RBF   Document 29   Filed 05/24/21   Page 8 of 9

successive notice of removal, a defendant doesn't circumvent § 1447(d)'s bar against review of the first remand order. *See Winningkoff v. Am. Cyanamid*, No. CIV.A. 99-3077, 2000 WL 235648, at *4 (E.D. La. Mar. 1, 2000). Such an approach is consistent with § 1446(a)(3), which permits removal where new developments in the case like "an amended pleading, motion or other paper" render federal jurisdiction proper.

Here, an event subsequent to the District Court's Remand Order rendered this case removeable. That event was Vargas's voluntary dismissal of in-state Defendant Memco. Although Vargas didn't *formally* dismiss Memco until a few weeks after Yates/Sundt re-removed this case, counsel for Vargas expressed an intent to do so on January 12, 2021. *See* Dkt. No. 1-9. Counsel's expressed intent to voluntarily dismiss Memco and subsequent dismissal of Memco constitutes a "new paper or event that changed the facts regarding the removeableness of the case." *S.W.S. Erectors*, 72 F.3d at 494.[5]

### Conclusion and Recommendation

For the reasons discussed above, Yates/Sundt's Motion for Leave to File Second Amended Notice of Removal, Dkt. No. 20, is **GRANTED**. It is recommended that Vargas's Motion to Remand, Dkt. No. 24, be **DENIED**.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt

---

[5] *See also Addo v. Globe Life & Acc. Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000) (noting, "an 'other paper' must result from the voluntary act of a plaintiff which gives the defendant notice of the changed circumstances which now support federal jurisdiction"); *Jamison v. Kerr-McGee Corp.*, 151 F. Supp. 2d 742, 745 (S.D. Miss. 2001) (correspondence from opposing counsel indicating an intent not to serve the allegedly improperly joined in-state defendant constituted an "other paper" sufficient to permit case's re-removal).

requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The objecting party shall file the objections with the clerk of the court, and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

SIGNED this 24th day of May, 2021.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE